UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JACLYN DIMAGGIO, on behalf of                    Civil Action No.:
herself and others similarly situated,


                                    Plaintiff,

                                                 **FLSA COLLECTIVE
            -against-                            AND RULE 23 CLASS
                                                 ACTION COMPLAINT**

FINNS M's REST LLC d/b/a PARK SPORTS BAR
AND GRILL, P.J. KAVANAGH, DANIEL MURPHY,
and PATRICK BOURKE,                              **JURY TRIAL REQUESTED**


                                    Defendants.
-------------------------------------------------------------------------X

    Plaintiff, Jaclyn DiMaggio ("Plaintiff"), on behalf of herself and others similarly situated,

by her attorneys, Law Offices of Yale Pollack, P.C., as and for her Complaint against Defendants,

Finn M's Rest LLC d/b/a Park Sports Bar and Grill, P.J. Kavanagh, Daniel Murphy and Patrick

Bourke (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

    1.      Plaintiff brings this action, on behalf of herself and other current and former

employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended,

29 U.S.C. §§201 *et seq.* (the "FLSA").  Plaintiff seeks, for herself and other similarly situated

employees, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other

appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable

federal law.

    2.      Plaintiff also brings this action, on behalf of herself and other similarly situated

employees, to remedy violations of New York State Labor Law, including New York Labor Law

§§190 *et seq.*, §§650 *et seq.* and 12 N.Y.C.R.R. §146 (the "NYLL").  Plaintiff seeks, for herself

and all other similarly situated employees, unpaid wages, pre- and post- judgment interest,

reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

3.      Defendants have engaged in a policy and practice of requiring the Plaintiff and others similarly situated to regularly work without being paid minimum or overtime wages as required by applicable federal and state law, as Plaintiff was only permitted to retain the tips she received as a server at Defendants' restaurant.  At no time was Plaintiff paid an hourly wage or provided any records concerning the wages she was to or did receive.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5.      Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6.      Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Eastern District and the residence of Defendants is within the Eastern District.

## PARTIES

7.      Plaintiff is an individual who resides in the County of Nassau, State of New York.

8.      At all times herein mentioned, Plaintiff was employed by Defendants, where she worked as a server in Defendants' restaurant from in or about October 2013 to August 2016.

9.      Defendant Finn M's Rest LLC ("Finn M's") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located in the County of Nassau, State of New York.

10.    Finn M's is engaged in the restaurant and food business, operating a bar known as Park Sports Bar and Grill ("Park Sports").

11.    Upon information and belief, Defendant P.J. Kavanagh ("Kavanagh") is an officer, member and principal of Finn M's.

12.    Upon information and belief, Defendant Daniel Murphy ("Murphy") is an officer, member and principal of Finn M's.

13.    Upon information and belief, Defendant Patrick Bourke ("Bourke") is an officer, member and principal of Finn M's.

14.    At all relevant time mentioned herein, Kavanagh, Murphy and Bourke (collectively referred to herein as the "Individual Defendants") had the power to hire, fire, and control the wages and working conditions of Plaintiff, the FLSA Collective Plaintiffs (as defined herein) and the Class Members (as defined herein).

15.    The Individual Defendants both had authority to, and did in fact, exercise operational control over Finn M's.

16.    The Individual Defendants set the manner by which Plaintiff, the FLSA Collective Plaintiffs and the Class Members were to be paid while employed by Finn M's

17.    At all times relevant, Defendants were covered by the FLSA and the NYLL.

18.    Defendants maintained a common policy and practice of, *inter alia*, not paying employees an hourly wage for hours worked during their employment or otherwise notifying them of their rights under the law.

19.    At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

20.     Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

21.     At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Plaintiffs and the Class Members, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

22.     Finn M's and the Individual Defendants own and operate Park Sports in Long Beach, New York.

23.     Plaintiff was hired in October 2013 to work as a server for Defendants in Park Sports.

24.     Plaintiff's duties consisted of, among other things, taking food and drink orders, serving food and beverages, taking payment, making change, and greeting patrons at Park Sports.

25.     At the time of her hire, Plaintiff received no notices from Defendants concerning information such as a rate of pay, overtime rate of pay, frequency of payment, regular pay day, or other information as required by the NYLL.

26.     Plaintiff generally worked Tuesdays, Thursdays, Fridays and Saturdays from 5:00pm until 11:00pm, and Sundays from 11:00am until 11:00pm.

27.     In addition to her regular shift, Plaintiff worked parties and sporting events almost each week of her employment, which amounted to about an additional ten (10) hours per week.

28.     From 2013 until about the end of 2014, Defendants paid Plaintiff a fictitious rate of $5.00 per hour, plus any tips she received from patrons of Park Sports.

29.     However, Defendants did not maintain a time tracking system in order to track the hours Plaintiff worked.

30.     Plaintiff never clocked in at the beginning of her workday or clocked out at the end of her workday in order for Defendants to determine the hours for which she was to be paid.

31.     Moreover, Plaintiff never received any information concerning any tip credit that Defendants may have intended to apply against her hourly wage.

32.     Commencing in or about the end of 2014 until the end of her employment, Defendants removed the hourly pay from Plaintiff's compensation, leaving her with only the tips she received from patrons of Park Sports as her compensation.

33.     Based on her schedule, Plaintiff worked an average of forty-six (46) hours per week during her employment with Defendants.

34.     Upon information and belief, the failure to pay an hourly wage to employees extended to the FLSA Collective Plaintiffs and Class Members.

35.     Upon information and belief, Defendants failed to provide Plaintiff, the FLSA Collective Plaintiffs and Class Members with notices and documentation as required by the NYLL, either at the time of hire or in their weekly earnings statements.

36.     Defendants failed to provide notice to employees regarding their rights under the FLSA or the NYLL.

37.     On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff, the FLSA Collective Plaintiffs and Class Members should be tolled due to the failure to provide appropriate and required notice of the law.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings Count One as a collective action pursuant to Section 216(b) of the FLSA, on behalf of herself and others similarly situated (the "FLSA Collective Plaintiffs"), which shall include:

> All persons who work or worked for Defendants in tipped positions, including servers, bussers and bartenders, from three (3) years prior to the filing of the original Complaint in this action through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Collective Period").

39.    At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required minimum or overtimes wages for all hours worked.

40.    Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other tipped employees to receive notice of the action and allow them to opt-in to such an action if they so choose.

41.    Count One is properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA.  The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## RULE 23 CLASS ALLEGATIONS

42.    Plaintiff brings Counts Two and Three as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class Members"), consisting of:

> All persons who work or worked for Defendants in tipped positions, including servers, bussers and bartenders, and/or did not receive proper notices or documents as required by the NYLL, from six (6) years prior to the filing of the original Complaint in this action through the date the Court certifies the class (the "Class Period").

43.     The Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are believed to be at least forty (40) Class Members during the Class Period.   There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.   The claims of Plaintiff are typical of the claims of the Class Members.

44.     Plaintiff will fairly and adequately protect the interests of the Class Members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

45.     There are questions of law and fact common to the Class Members which predominate over any questions solely affecting individual Class Members, including: (a) whether Defendants failed to pay Plaintiff and Class Members minimum or overtimes wages for all hours worked; and (b) whether Defendants failed to pay Plaintiff and Class Members spread of hours pay; and (c) whether Defendants provided Plaintiff and Class Members with requisite notices under the NYLL.

**COUNT ONE**
**(Failure to Pay Regular Wages – FLSA, Brought by Plaintiff**
**on Behalf of Herself and the FLSA Collective Plaintiffs)**

46.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

47.     Throughout the FLSA Collective Period, Plaintiff and the FLSA Collective

7

Plaintiff worked without receiving an hourly wage for the services they performed.

48.    At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required minimum wage rates for all hours worked.

49.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages for unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT TWO
### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

50.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

51.    Throughout the FLSA Collective Period, Plaintiff and the FLSA Collective Plaintiff worked without receiving one and one-half times their hourly wage for the services they performed in excess of forty (40) hours per week.

52.    At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wage rates for all hours worked.

53.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT THREE
### (Failure to Pay Regular Wages – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

54.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully

set forth herein.

55.    It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without being paid for all hours worked.

56.    Throughout the Class Period, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and Class Members wages for all hours worked.

57.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

58.    Plaintiff, on behalf of herself and the Class Members, seek damages for unpaid wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT FOUR
### (Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

59.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

60.    It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without being paid one and one-half times their regular rate of pay for hours worked in excess of forty (40) per workweek.

61.    Throughout the Class Period, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and Class Members overtime wages for all hours worked in excess of forty (40) per workweek.

62.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an

amount to be established at trial.

63.    Plaintiff, on behalf of herself and the Class Members, seek damages for unpaid overtime wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**COUNT FIVE**
**(Failure to Pay Spread of Hours – NYLL, Brought by Plaintiff**
**on Behalf of Herself and the Class Members)**

64.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

65.    Plaintiff and the Class Members worked more than ten (10) hours in a workday.

66.    Throughout the Class Period, Defendants willfully, regularly, repeatedly, and knowingly

failed to compensate Plaintiff and the Class Members one hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten (10) hours, as required by New York law.

67.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

68.    Plaintiff, on behalf of herself and the Class Members, seek damages for unpaid overtime wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT SIX
### (Notice Violations – NYLL, Brought by Plaintiff
### on Behalf of Herself and the Class Members)

69.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

70.     Defendants willfully failed to supply Plaintiff and the Class Members with notices as required by NYLL §195(1) containing Plaintiff's rate or rates of pay and basis thereof; whether paid by the hours, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

71.     Based on Defendants' violations of the NYLL §195(1), Plaintiff and the Class Members are entitled to recover from Defendants up to $5,000 each, pursuant to NYLL §198(1-b), as well as reasonable attorneys' fees and costs.

## COUNT SEVEN
### (Wage Statement Violations – NYLL, Brought by Plaintiff
### on Behalf of Herself and the Class Members)

72.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

73.     Defendants willfully failed to supply Plaintiff and the Class Members with notices as required by NYLL §195(3) containing the regular rate or rates of pay; overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

74.     Based on Defendants' violations of the NYLL §195(3), Plaintiff and the Class Members are entitled to recover from Defendants up to $5,000 each, pursuant to NYLL §198(1-d), as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.     Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure for applicable claims under the NYLL;

C.     Awarding Plaintiff, similarly situated co-workers and putative class members damages for the amount of unpaid wages under the FLSA and/or the NYLL;

D.     Awarding Plaintiff, similarly situated co-workers and putative class members liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

E.     Awarding pre- and post-judgment interest as permitted under the law;

F.     Awarding the costs of this action together with reasonable attorneys' fees; and

G.     Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right

to a jury trial.

Dated:  May 28, 2019
       Syosset, New York

                    Respectfully submitted,
                    **LAW OFFICES OF YALE POLLACK, P.C.**

                    By: */s/ Yale Pollack*
                        Yale Pollack, Esq.
                    *Attorneys for Plaintiff, the FLSA Collective Plaintiffs*
                        *and the Class Members*
                    66 Split Rock Road
                    Syosset, New York 11791
                    (516) 634-6340 Phone
                    (516) 634-6341 Fax
                    ypollack@yalepollacklaw.com