UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JACLYN DIMAGGIO,                                  :
                                                  :
                   Plaintiff,              :
                                                  :        <u>REPORT &</u>
   -against-                                     :        <u>RECOMMENDATION</u>
                                                  :        19-CV-3161 (PKC) (SMG)
FINNS M'S REST LLC, et al.,                       :
                                                  :
                   Defendants.             :
------------------------------------------------------------------x
STEVEN M. GOLD, U.S. Magistrate Judge:

      Plaintiff brings this case pursuant to the Fair Labor Standards Act (the "FLSA"). A telephonic initial conference was held on August 29, 2019. At that time, counsel for the parties reported that plaintiff had reached a settlement directly with defendants and without the participation of counsel. Dkt. 23.

      Generally, FLSA claims may not be settled without court approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Accordingly, I issued an Order scheduling a further conference, to be held in person, for September 13, 2019, and directing that plaintiff and defendant Kavanagh attend. The Order further stated that if plaintiff failed to appear, I would recommend dismissal without prejudice for failure to prosecute. Dkt. 23.

      Plaintiff failed to appear at the conference on September 13, 2019. According to her counsel, plaintiff was aware of the conference and the Court's order but elected not to miss work to attend the conference because she considers her claims resolved. Defendant Kavanagh did appear and was advised by the Court that the settlement he reached with plaintiff was not enforceable.

The Court would have preferred to have had the opportunity to explain plaintiff's rights to her and to afford her the opportunity to reject the offered settlement and litigate her claims. Plaintiff, though, declined to appear even when ordered to do so and alerted to the consequences. Accordingly, I respectfully recommend that this case be dismissed without prejudice for failure to prosecute.

Any objections to the recommendation made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before September 27, 2019. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Plaintiff shall forthwith serve copies of this Report and Recommendation upon the defaulting defendant at its last known address and file proof of service with the Court.

                                                        _____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
September 13, 2019

*U:\DiMaggio fail to pro.docx*